Arturo Matthews
Of Counsel, Hyslip & Taylor LLC LPA

1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel (310) 556-9620
Fax (310) 388-0270

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jade Jensen<br><br>AND<br><br>Joyce Jensen<br><br>        Plaintiffs,<br><br>v.<br><br>Performant Recovery, Inc.<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Jade Jensen, ("Jade"), is a natural person who resided in Viborg, South Dakota, at all times relevant to this action.

2. Plaintiff, Joyce Jensen, Jade's mother, ("Mother"), is a natural person who resided in Viborg, South Dakota, at all times relevant to this action.

3. Defendant, Performant Recovery, Inc., ("PRI"), is a California Corporation that maintained its principal place of business in Livermore, California, Alemeda County, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this District in Livermore, CA.

## INTRA-DISTRICT ASSIGNMENT

6. Defendant resides in Alameda County and therefore this case is proper in Oakland.

## STATEMENT OF FACTS

7. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that PRI uses an Automated Telephone Dialing System to make phone calls.

8. Before PRI began contacting Mother, it and Mother had no prior business relationship and Mother had never provided express consent to PRI to be contacted on her cellular telephone.

9. PRI regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

10. The principal source of PRI's revenue is debt collection.

11. PRI is a "debt collector" as defined by 15 U.S.C. §1692a(6).

12. As described, *infra*, PRI contacted Jade to collect a debt that was incurred primarily for personal, family, or household purposes.

13. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

14. Jade and Mother are "consumers" as defined by 15 U.S.C. §1692a(3).

15. On several occasions, the dates of which will be discovered through discovery, PRI willingly and knowingly used an automatic telephone dialing system to call Mother for non-emergency purposes on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

16. PRI contacted Jade over a year ago on her personal cellular phone in connection with the collection of the debt.

17. Jade no longer had a cellular phone, so Mother requested PRI contact Jade on Mother's home telephone number only.

18. In April 2013, Jade and PRI made a payment plan through a check by phone agreement.

19. After June of 2013, PRI called Mother's cellular phone because there was a problem with the check account payment not going through.

20. PRI discussed Jade's debt with Mother.

21. PRI's agents were abusive and threatening to Jade and Mother and attempted to coerce them into providing a debit card number.

22. PRI's agents caused Jade and Mother to experience stress and anxiety.

23. Mother had previously requested PRI contact Jade only on Mother's home telephone.

24. Jade and/or Mother requested PRI cease further calls to Mother's cellular phone.

25. Despite the request, PRI called Mother's cellular phone again but Mother did not answer.

26. PRI violated the FDCPA and TCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692c(a)(1) by calling at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692b by discussing Jade's debt with Mother.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

**Violations of the Telephone Consumer Protection Act**

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiffs pray for the following relief:

   a. Judgment in favor of Plaintiffs against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Mother's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment in favor of Mother against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:___/s/ Art Matthews_____
One of Plaintiff's Attorneys

Arturo Matthews
Of Counsel, Hyslip & Taylor LLC LPA

1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel (310) 556-9620
Fax (310) 388-0270

917 W. 18th St., Suite 200
Chicago, IL 60608
312-380-6110

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28